## GILES *vs.* THE STATE.

1. The Act of 1811, giving Justices of the Peace, in cases when a person is discharged by them for want of sufficient cause of commitment, a discretion to award costs against the prosecutor or against the accused, is not applicable to the case of slaves.

2. It is an abuse of the discretion given by that Act, to award costs against the accused in a case were there is *no evidence* against him.

Giles vs. The State.

Certiorari, in Chatham superior court. Decision by Judge FLEMING, at January Term, 1859.

Willis, and about forty other slaves belonging to Wm. B. Giles, were arrested and brought before a court of magistrates charged with the crime of murder. Upon examination of the witnesses, the magistrates were of opinion that there was sufficient evidence to warrant the commitment of Willis to the jail of Chatham county, to stand his trial for the alleged offence, and he was accord-ingly committed. As to the others, there being no evi-dence at all against them, the court ordered that they be discharged from arrest, upon the payment of the jail fees and all the costs of the examination.

To this order, William B Giles, the owner of the slaves, excepted, and the question was brought by certiorari before the superior court, when, after argument, Judge Fleming made the following decision, viz :

William B. Giles, ⎫
　　　vs. ⎬ Certiorari.
The State of Georgia. ⎭

By the 11th section of the Act of 1811, it is enacted "when any person charged with any offence and brought before a justice or justices of the peace, shall be discharged for want of sufficient cause of commitment, the justice or justices may, in his or their discretion, discharge the party with costs, or direct the costs to be paid by the prosecution." As I understand this Act the costs are to be paid by the party charged or by the prosecutor, and it is left to the justice or justices to say which party shall pay costs. I do not understand that the justices may throw the costs upon the county. This discretion given by the statute may perhaps sometimes be exercised arbi-trarily, and in *such cases* I do not doubt the power of this court to review it. In the absence of any proof that this discretion has been arbitrarily exercised, I do not feel

myself at liberty to interfere with it. I should say the prosecutor ought never to be burdened with costs where the justice is satisfied that he has acted in good faith and with a view to the public good. Public policy requires this, for otherwise no man would move in a prosecution from considerations of public good or for the promotion of public justice. This record furnishes no proof that the prosecutor in this case acted from malicious motives. We must therefore assume that he acted in good faith, and if he acted in good faith, he ought not to be made to pay costs. True, it seems hard that the accused should be made to pay, but this is his misfortune. So far as appears from this record, my opinion is that the discretion was properly exercised. I except from this, of course, the case of the slave committed for trial. In that case the costs should wait the result. Let the judgment be affirmed.

W. B. FLEMING.

*Judge E. D. Geo.*

To which decision counsel for Giles excepts, and assigns the same as error.

Norwood, Wilson & Lester, for plaintiff in error.

Sol. Gen. Hartridge, *contra.*

*By the Court.*—Stephens, J., delivering the opinion.

1. This court has frequently ruled that penal statutes do not include slaves unless slaves are named. Any other rule applied to our statutes, will lead to inextricable difficulty. As in this case, it leads to the conclusion that costs may be awarded against a *slave,* not against his master but against the slave—a conclusion not very consistent with reason when we consider the inability of a slave to pay costs—an inability which is not accidental or contingent, but grows out of his *status.*

2. We think too it is an abuse of the direction given by this Act, to award costs against an accused person in a case, as in this instance the record expressly shows, when there is *no evidence* against him. If *this* is not an abuse of the discretion what can be?

Judgment reversed.